(91 South. 58)

No. 23752.

HAAS v. HINES, Director General of Railroads.

BORDELON v. SAME (two cases).

(June 30, 1921. On Rehearing, Feb. 27, 1922. Amendment of Decree March 31, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Railroads** &copy;&#8594;482(2)—**Evidence held to show fire set by locomotive.**

Evidence *held* sufficient to show that a fire which destroyed cotton on a gin house platform was set by cinders from a locomotive.

2. **Railroads** &copy;&#8594;455—**Extra care required to prevent fire near cotton gin house.**

It is the duty of a railroad using a coal-burning locomotive, though the spark arrester is in good order, to exercise extra care near a cotton-covered gin house platform, and not to make a flying switch with a greater emission of live cinders.

3. **Railroads** &copy;&#8594;459(2)—**Owner of cotton burned held negligent.**

An owner of cotton destroyed by fire set by sparks from a coal burning locomotive *held* negligent in spreading out the cotton alongside the railroad track on a gin house platform.

4. **Negligence** &copy;&#8594;90—**Contributory negligence of owner of cotton held not imputable to owner of gin house burned.**

Contributory negligence of an owner of cotton in spreading out the cotton on a gin house platform near a railroad *held* not imputable to the owner of the gin house, destroyed by fire set by sparks from a locomotive, though the former had charge thereof as agent of the latter, where, in spreading out the cotton, he was not acting as such owner's agent, or even with his acquiescence, but solely in his individual interest.

O'Niell, J., dissenting in part.

Appeal from Fourteenth Judicial District Court, Parish of Avoyelles; S. Allen Bordelon, Judge.

Consolidated actions by William D. Haas, individually and for use of the Royal Exchange Assurance Insurance Company of London, England, by Henry H. Bordelon, individually and for use of the Virginia Fire & Marine Insurance Company, and by Victor P. Bordelon, against Walker D. Hines, Director General of Railroads. Judgments for plaintiffs, and defendant appeals. Judgment for Henry H. Bordelon set aside and his demand dismissed, and other judgments affirmed.

Spencer, Fenner, Gidiere & Phelps, of New Orleans, and Wm. H. Peterman, of Alexandria, for appellant.

J. W. Joffrion, of Marksville, and J. S. Atkinson, of Shreveport, for appellees.

PROVOSTY, J. One of the plaintiffs in these consolidated suits is the owner of a gin house which was destroyed by fire set, it is alleged, by sparks from a locomotive of the defendant company, and the other plaintiffs are owners of cotton which was stored in the gin house and was consumed along with it. The defense is that there is no proof of the fire having been set by sparks from the locomotive; and that if there is such proof, the plaintiffs were contributorily negligent.

The platform of the gin house, 112 feet long by 24 wide, was 44 feet from the railroad track at one end and 51 1/2 feet at the other end. The fire originated in loose lint cotton which had been spread all over this platform to a depth of 6 to 8 inches to dry. The day was warm and sunshiny, and the fire occurred at 2 p. m. The train backed into the town of Marksville, where the gin house was situated, and when the engine was about opposite the platform it kicked some of the cars into a side track. For doing this it had to increase its speed suddenly, with the result of throwing out more cinders; and the supposition is that it was then the cinders which ignited the cotton were thrown out.

[1] The learned counsel for defendant say that no one saw any cinders fall upon the cotton, and they advance the theory that the fire may have originated from the castaway matches or cigarette stubs of two young men who had just a moment before been spreading and loosening the cotton, both of whom were cigarette smokers. The young men testify that they did not smoke nor light matches while engaged with the cotton or near it; and there is no proof that they did. The evidence leaves little or no doubt that the fire was set by the locomotive. The same locomotive is shown to have emitted on other occasions cinders of a size well calculated to set loose cotton on fire; and one of the young men testifies that on the occasion in question he heard cinders rattling on the tin roof of the gin house.

[2] The spark arrester of the locomotive in question is shown to have been in good order; but the emitting of live cinders by coal-burning locomotives would seem to be unavoidable. Such being the case, the duty rested upon the railroad to exercise extra care when near this cotton covered platform, and therefore not to make a flying switch with a greater emission of live cinders.

We conclude therefore that the defendant company was negligent, and pass to the question of contributory negligence.

[3] The spreading of this inflammable material so near the railroad where a locomotive might pass at any time and drop a live cinder upon it was highly improvident. That coal-burning locomotives emit live cinders is a matter of common knowledge. While the railroad had no right to set fire to the cotton, the owner of the cotton had no right to spread it out alongside of the railroad in such a way as to increase so greatly the danger of fire. The doing so was contributory negligence. In Palmetto Moss Factory v. T. & P. R. Co., 145 La. 555, 82 South. 700, this court said:

"Had it been shown that the fire started in loose moss in close proximity to the track and then spread to the building, in view of the circumstances of the absence of the watchman whose duty it was to watch the building, we think a case would have been made out to preclude plaintiffs' recovery. * * * And we think further that, if plaintiff had alleged such a state of facts, an exception of no cause of action could and should have been sustained."

The owners of this loose cotton, responsible for its having been thus spread upon this platform, practically inviting its ignition by the railroad—were one of the plaintiffs, Henry H. Bordelon, and his associate in business, Arthur Zimmer. They were not owners of the platform, and, so far as the record shows, had not the permission of the

owner for putting it to this dangerous use. Mr. Bordelon's contributory negligence precludes him from recovery. It is not a case of an owner putting his property to its ordinary use, or to such a use as an owner mindful of the rights of others might make of his property, but of a person using the property of another for exposing his own property to a known danger, and thereby bringing the property of this other within the same known danger. And Mr. Bordelon seems to have felt this, responsibility of his in the premises, for he refrained from suing for the value of the loose cotton. His suit is for baled cotton which was stored in the gin house.

[4] Bordelon had charge and care of the gin house as agent of the plaintiff, Haas, its owner. Defendant would impute Bordelon's contributory negligence to Haas, vicariously, and to Victor P. Bordelon, the other plaintiff, through Haas as bailee. For disposing of this contention it suffices to say that in his said contributory negligence Bordelon was not acting as agent of Haas, owner of the gin house (or, even, so far as the record shows, with the latter's acquiescence, express or tacit), but solely and exclusively in his own individual interest and that of his partner Zimmer. In his said act he was therefore in no way the representative of the plaintiff. Seixas v. Citizens' Bank, 38 La. Ann. 424. For his said act, therefore, the plaintiff Haas is in no wise responsible.

The quantum of the damages is not discussed in defendant's brief, and appears to be proved. We will add, however, that in order not to do unnecessary work, in our press for time, we have not made a computation of the data furnished by the evidence to verify that conclusion, preferring to leave this point to be considered on an application for a rehearing should a rehearing be applied for.

It is therefore ordered, adjudged, and decreed that the judgment in favor of Henry H. Bordelon be set aside, and that his demand be dismissed at his cost; and that the several judgments appealed from be otherwise affirmed; the costs of appeal to be paid one half by Henry H. Bordelon and the other half by defendant.

O'NIELL, J., dissents from the decree reversing the judgment in favor of Bordelon and otherwise concurs.

### On Rehearing.

BAKER, J. Having carefully reconsidered the issues herein, we have concluded that the original opinion and decree handed down in these consolidated cases are correct.

The original opinion and decree rendered herein by this court are therefore reinstated and made the final judgment.

### Amendment of Decree.

PER CURIAM. Pending this appeal, James C. Davis, Director General of Railroads, and Federal Agent under the Transportation Act, has been appointed and designated by the President of the United States as the person against whom pending suits should be prosecuted, and has moved this court that the decree herein rendered be amended to the extent of substituting as party defendant, and as the party against whom judgment is rendered, James C. Davis, Director General of Railroads, and Federal Agent under the Transportation Act, in lieu and in place of Walker D. Hines, Director General of Railroads.

It is therefore ordered, adjudged, and decreed that the decree rendered herein be, and it is, made executory against said James C. Davis, Director General of Railroads, and Federal Agent under the Transportation Act.