No. 503

First Circuit

PENNIMAN v. SPENCER

(October 10, 1929. Opinion and Decree.)

A. W. Spiller, of Hammond, attorney for plaintiff, appellee.

Rownd & Warner, of Hammond, attorneys for defendant, appellant.

ELLIOTT, J. Fred A. Penniman claims of L. D. Spencer $700 in damages for having started a grass fire on his property and negligently allowed it to spread so that sparks therefrom set fire to plaintiff's barn, which was thereby destroyed, together with a wagon, a quantity of hay, some lumber and tools stored therein, and some fruit trees growing near-by.

Defendant denied responsibility for plaintiff's loss. From a judgment in favor of the plaintiff for $480 defendant appealed.

The evidence shows that defendant started a fire in the grass on his premises and negligently allowed it to spread so that sparks therefrom caught and set fire to the roof on plaintiff's barn, destroying the barn and its contents and killing some plum trees growing near-by.

Nobody saw the sparks fall on the roof of the barn, but that does not render the proof as to the origin of the fire insufficient, under the facts and circumstances of this case.

Plaintiff lost his barn and its contents as a result of the fire started by defendant. Castille vs. Cormier, 144 La. 640, 81 So. 210; Suikart vs. Yazoo & Miss. Valley R. Co., 148 La. 349, 86 So. 894; Haas vs. Hines, 150 La. 599, 91 So. 58. The theories advanced to the contrary are not tenable.

The barn was built some 25 or 30 years ago. The roof had about served its time, but the lumber of which the structure had been built was better than can be easily obtained today.

The lower court allowed $300 on account of the barn; $170 on account of the wagon, hay, lumber and tools, and $10 on account of the plum trees; a total of $480.

The plaintiff answering defendant's appeal prays that the judgment be increased to $700; but the amount allowed in the lower court appears to us to be the proper amount to allow on account of plaintiff's loss.

Judgment affirmed. Defendant and appellant to pay the cost in both courts.